UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IKE TOMLINSON and KRIS BIRD,<br><br>Defendants. | Case No. 1:23-cr-00326-AKB<br><br>**MEMORANDUM DECISION AND ORDER RE JOINT MOTION FOR INTRADISTRICT CHANGE OF VENUE** |

Pending before the Court is Defendants Ike Tomlinson and Kris Bird's Joint Motion for Intradistrict Change of Venue. (Dkt. 27). The Court finds oral argument would not significantly aid its decision-making process and decides the motion on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see* Dist. Idaho Loc. Crim. R. 1.1(f). The Court denies Defendants' motion.

## I. BACKGROUND

On December 12, 2023, a grand jury in Boise indicted Defendants for five counts of wire fraud, one count of conspiracy to commit wire fraud, and one count of conspiracy in restraint of trade: bid rigging and territorial allocation. (Dkt. 2 at pp. 14-20). According to the indictment, Defendants rigged bids they submitted for firefighting-equipment contracts with the U.S. Forest Service in Idaho and Nevada. The alleged conduct occurred in Idaho in areas roughly corresponding to the cities of Boise, Salmon, Idaho Falls, Payette, McCall, and Shoshone. (Dkt. 2 at ¶ 14). These Idaho cities fall within both the District of Idaho's Southern Division (Boise, Payette, McCall, Shoshone) and its Eastern Division (Salmon, Idaho Falls).

Bird lives in Salmon, Idaho, and Tomlinson lives in Terreton, Idaho. Both Salmon and Terreton are located in the District of Idaho's Eastern Division. *See* Dist. Idaho Loc. Civ. R. 3.1

(identifying counties in four divisions). When the Government filed the indictment, however, the Clerk of the Court assigned the case to the District of Idaho's Southern Division.[1] (Dkt. 2); *see also* Dist. Idaho Loc. Civ. R. 3.1 (providing clerk will assign case to division). The courthouse for the Southern Division is located in Boise.

Defendants appeared in Boise and were arraigned on December 15, and their joint trial was set for February 5, 2024, in Boise. (Dkts. 12, 15). Subsequently, per the parties' request, the Court vacated Defendants' trial date and set a briefing schedule for the instant motion. (Dkts. 25, 26). On January 11, Defendants filed their joint motion for an intra-district change of venue, seeking to move these proceedings from the Southern Division to the Eastern Division, where the courthouse is located in Pocatello. (Dkt. 27).

## II. LEGAL STANDARD

The Sixth Amendment guarantees a defendant the right to be tried in the district in which the offense was committed. U.S. Const. amend. VI. Rule 18 of the Federal Rules of Criminal Procedure preserves this constitutional right by providing that "the government must prosecute an offense in a district where the offense was committed." *See United States v. Rodriguez-Moreno*, 526 U.S. 275, 281 (1999) (noting where a crime consists of distinct parts which have different localities the whole may be tried where any part can be proved to have been done). A defendant, however, does not have a constitutional right to trial in *a particular division* within a district. Fed. R. Crim. P. 18. advisory committee note to 1966 amendments ("There is no constitutional right to trial within a division.").

---

[1]  Defendants cite *Newell v. Farm Bureau Mut. Ins. Co. of Idaho*, Case No. 1:17-cv-277-DCN (D. Idaho Dec. 5, 2017), for the proposition that the District of Idaho "requires" the Clerk of the Court to assign a case to the division in which the defendant resides. This Court, however, does not read that decision so broadly.

**MEMORANDUM DECISION AND ORDER RE JOINT MOTION FOR INTRADISTRICT CHANGE OF VENUE - 2**

Rather, the trial court has discretion to set the place of trial within the district. *Id.*; *see United States v. Scholl*, 166 F.3d 964, 969-70 (9th Cir. 1999), *as amended on denial of reh'g* (Mar. 17, 1999). Rule 18 provides "the court must set the place of trial within the district with due regard for the convenience of [1] the defendant, [2] any victim, and [3] the witnesses, and [4] the prompt administration of justice." Regarding the latter factor, courts have considered the availability of flight travel; the availability of a courtroom; the court's ability to handle pending matters in other cases; pretrial publicity; the site of the home for the defendant, the government's counsel, and the principal witnesses; and the location of the court's support staff. *Scholl*, 166 F.3d at 970; *see United States v. Kott*, No. 3:07-CR-00056 JWS, 2007 WL 2220444, at *4 (D. Alaska Aug. 1, 2007) (listing factors).

### III.  ANALYSIS

Defendants jointly request their case be transferred to the District of Idaho's Eastern Division. In support, they argue that "allegations in the Indictment likely involve conduct in the Eastern Division of Idaho, where the parties' witnesses more likely reside" and that "requiring travel to Boise would cause increased expense to Mr. Bird, Mr. Tomlinson, their family members, and their witnesses." (Dkt. 27-1 at p. 6). Defendants do not dispute the Eastern Division would be an inconvenient location for the Government. Rather, they argue "the government and its agents are better equipped to handle the inconvenience of a distant venue." (*Id.* at p. 7). In response, the Government argues "Boise is sufficiently convenient for Defendants"; "Boise is more convenient for government agency victims"; "Boise is more convenient for many potential government witnesses, including law enforcement witnesses"; and Boise "promote[s] the prompt administration of justice in this case and others." (Dkt. 28 at pp. 5-8).

Giving due regard to the convenience of Defendants, the victims, and the witnesses and to the prompt administration of justice, the Court finds the Southern Division is the most appropriate place for this case to proceed.[2] *See* Fed. R. Crim. P. 18. As the Government notes, "Rule 18 does not mandate absolute convenience to a defendant." *United States v. Scott-Emuakpor*, 2000 WL 288443, at *13 (W.D. Mich. Jan. 25, 2000). Although Defendants contend traveling to Boise will cause them and their family members "increased expenses," the Court notes Defendants will undoubtedly incur travel costs regardless of whether the case proceeds in the Eastern Division or the Southern Division because they live in areas remote from the courthouses in both Divisions. (*See* Dkt. 28 at pp. 5-6) (noting travel times required from Bird's residence in Salmon and Tomlinson's residence in Terreton to Boise and Pocatello). Further, Defendants do not contend the increased expenses of traveling to Boise are prohibitive or even substantial as compared to the increased expenses of traveling to Pocatello.

Determining the witnesses' convenience at this stage of the case is difficult because none of the parties have identified their witnesses. Defendants argue only that their witnesses are "more likely [to] reside" in the Eastern Division, and they identify eleven individuals who they contend are "potentially witnesses for either the United States [or] the defendants." (Dkt. 27-1 at p. 3). Four of these witnesses, however, are from out-of-state. Generally, out-of-state air travel into Idaho is more easily and expeditiously accomplished by flying into the Boise airport, which provides more flight options than the Pocatello or Idaho Falls airports.

---

[2]  Defendants contend allegations of conduct occurring in the Eastern Division are "central to this case." (Dkt. 27-1 at p. 7). Defendants do not dispute, however, that some of the alleged conduct also occurred at different locations within the Southern Division. For this reason, this case's assignment to the Southern Division is not improper.

**MEMORANDUM DECISION AND ORDER RE JOINT MOTION FOR INTRADISTRICT CHANGE OF VENUE - 4**

For this reason, Boise is more convenient based on air travel for both the representatives of the U.S. Forest Service, the government-agency victim in this case, and for the Government's out-of-state potential witnesses. (Dkt. 28 at p. 7). Further, Boise is the most convenient location for many of the Government's other potential witnesses, including law enforcement witnesses, who reside and work in Boise and led the investigation in this case. (*Id.* at 8).

For purposes of the prompt administration of justice, Boise is unquestionably more convenient. The parties estimate the jury trial in this case will last two weeks. (Dkt. 25 at p. 2). The Eastern Division's courthouse, however, has only one courtroom in which a jury trial can be conducted. Scheduling that courtroom for a jury trial is challenging and would likely cause delays to accommodate the schedules of other judges and counsel in this case and others. The Eastern Division is also an inconvenient location for court personnel, including the courtroom deputy, the court reporter, the law clerks, and potentially the court's technical support—all of whom reside in the Boise area but would have to travel to and stay in Pocatello for purposes of proceedings in this case. Further, the Court would be unable to handle other criminal matters in the Southern Division—such as pleas and sentencings—during the two weeks a trial in this case was ongoing in the Eastern Division.

Finally, while neither Defendants nor the Government take a position on the convenience for their own counsel, the Court notes several attorneys for the Government and for Defendants reside in Boise, and those who do not reside in Boise reside out-of-state and would more easily and conveniently be able to travel to Boise than to Pocatello. For all these reasons, the Court concludes this case's venue in the Southern Division is proper.

## IV.  ORDER

**IT IS ORDERED:**

1. Defendants' Joint Motion for Intradistrict Change of Venue (Dkt. 27) is **DENIED**.

2. Pursuant to the Speedy Trial Act's provision on any pretrial motion, 18 U.S.C. § 3161(h)(1)(D), speedy trial time shall be excluded from (A) the filing of Defendants' Joint Motion for Intradistrict Change of Venue on January 11, 2024, through (B) the date of issuance of this order. The Court will reset trial in this matter by separate order.

DATED: February 07, 2024

_Amanda K. Brailsford_
Amanda K. Brailsford
U.S. District Court Judge